UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Petitioner,                                   Case No. 1:15-mc-186

      v.                                            Hon. Janet T. Neff

MICHAEL R. PETCHAUER,

                                                   **REPORT AND RECOMMENDATION**

      Respondent.

_____/

      This is a proceeding brought pursuant to 26 U.S.C. § 7604 to enforce an administrative summons issued by the Internal Revenue Service (IRS) on November 19, 2014.  The summons relates to collection of respondent's federal income tax liability for the calendar year ending December 31, 2012.  The summons directed respondent to appear before Revenue Agent Jacob Griswold on December 11, 2014 at 3251 North Evergreen Drive NE, Grand Rapids, Michigan, and to testify and produce books, records and other documents demanded in the summons.  Respondent did not appear in response to the summons.

      On October 13, 2015, petitioner filed suit to have the summons enforced.  (ECF No. 1 & 2.)  District Judge Janet T. Neff issued a non-document order of reference to Magistrate Judge Ellen S. Carmody on October 15, 2015.  On October 19, 2015, an Order to Show Cause was issued, directing respondent to appear on November 18, 2015, to show cause why the respondent should not be compelled to obey the IRS summons served upon respondent on November 19, 2014.  (ECF No. 6.)  The Show Cause Hearing was rescheduled a number of times for calendar control purposes, to allow respondent to testify and produce records and other documents

2

demanded in the summons. (ECF No. 7, 9 & 10.) The last rescheduled hearing was set on March 29, 2015, at 10:00 AM. (ECF No. 11.)

On March 29, 2015, the respondent failed to appear at the rescheduled Show Cause Hearing. The Court was advised that Respondent Petchauer had produced records to Revenue Agent Griswold, but then refused to provide the in-person testimony necessary to complete the collection statement. Respondent has not raised any defenses or filed any motions in opposition to the Petition. The record establishes a *prima facie* case in favor of enforcement: (1) the summons was issued for a legitimate purpose in determining the collection of respondent's tax liability for 2012; (2) the summoned information is relevant to that purpose; (3) the summoned information was not already in the government's possession; (4) the administrative steps required by the Internal Revenue Code have been followed; and (5) there is no Department of Justice criminal referral in effect. *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *see also United States v. Stuart*, 489 U.S. 353, 359 (1989); *United States v. Will*, 671 F.2d 963, 966 (6th Cir. 1982). After the United States presents a *prima facie* case, it is entitled to an enforcement order, unless the taxpayer can show that the IRS is attempting to abuse the court's process. *Stuart*, 489 U.S. at 360. The taxpayer carries the burden of proving an abuse of process. *Powell*, 379 U.S. at 58.

Respondent has failed to appear and has not met his burden of demonstrating why the summons, including in-person testimony necessary to complete the collection statement, should not be enforced. Accordingly, I recommend that the Court issue an order compelling respondent to comply with the IRS summons.

3
### Recommended Disposition

For the reasons set forth in detail above, I recommend that the Court issue an order compelling respondent to comply with the IRS summons, including but not limited to, in-person testimony necessary to complete the collection statement. A proposed enforcement order is attached as Exhibit A.


Dated: March 31, 2016                  /s/ Ellen S. Carmody
                                                  HON. ELLEN S. CARMODY
                                                  United States Magistrate Judge


### NOTICE TO PARTIES

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).